### UNITED STATES of America v. ALFANO.
### Nos. 8899, 8900.

Circuit Court of Appeals, Third Circuit.
Argued July 25, 1945.

Decided Nov. 21, 1945.

Zeno Fritz and Joseph A. Rossi, both of Pittsburgh, Pa., for appellant.

Edward C. Boyle, of Pittsburgh, Pa. (Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, WALLER, and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

The appellant was convicted of both conspiracy to violate the White Slave Traffic Act, Section 88, 18 U.S.C.A., and the substantive offense itself, Section 398, 18 U.S. C.A. He received a prison sentence of a year and a day on each indictment with the sentences to run concurrently. The background of the case is a dreary story of commercial prostitution. The appellant denied any connection with the offenses charged.

All of the points on appeal were argued before the Trial Court on the motion for a new trial. The only important question concerns the admission into evidence of two written statements of a co-defendant, one Frank Chessario.

The first statement was made July 15, 1943. While it does not mention the defendant or refer to him, it does detail what had occurred and the association of Chessario and other defendants then on trial, with the various incidents. When the statement was offered in evidence it was objected to. The Court said: "At least it is admissible against the man who made it." The attorney for the appellant then said: "That is right; but I am objecting as to my client, and he is offering it as to all the defendants, including my client." The District Attorney then said:

"I don't think the Government is called upon to specify the offer beyond the fact it was signed by one of these defendants, as to whom we are offering it against. It is admissible in evidence as a voluntary statement made by one of the defendants, and that is all we can do at this time and all we are required to do." (Emphasis ours.)

The Court said:

"Of course, at the conclusion of the trial we might be able to say as a matter of law whether or not this particular statement involved anyone but the man who made it, but I don't see how we could determine that question now. The only thing we can determine now is that it is admissible in evidence at least against the man who made it. Whether it will have any further effect we will not determine at this time."

And immediately thereafter also said:

"We overrule Mr. Fritz' specific objection at this time, because the paper is admissible and jury are entitled to see it, at least so far as it involves the man who made it."

The second statement is dated September 23, 1943. Its only possible allusion to the appellant occurs in the sentence "Madaffer and I went in, and he went into the back room with a short man whose name I believe was Mike." When this statement was offered in evidence the appellant's attorney said:

"If Your Honor please, if this statement is offered only as against the defendant Chessario, of course I have no interest in that and have no objection; * * *"

Continuing he stated that if it was offered generally then he objected. The United States attorney offered the statement "for whatever evidential value it may have." The Court then announced its decision saying, "I think the paper is at least admissible as against the man who made it, and it will have to go to the jury anyway." The Court also said: "At least it (the statement) is binding upon himself, or evidence against him." The appellant's attorney took exception to the Court's rulings as to both the first and second statements.

It is not contradicted that Chessario later, as a witness in his own defense, testified fully and completely to the facts set forth in his two statements. Thereafter no point to charge in connection with the statements, was submitted to the Court. At the completion of the charge, the Trial Judge called counsel to side bar and asked: "* * * whether they have any request for further or additional charges we may have omitted." No request as to the statements was made.

It is urged on behalf of the appellant that the evidence showed the conspiracy to have terminated sometime prior to the date of the first statement. This does not seem to be disputed. It is further contended that the statements were not in furtherance of the conspiracy and no argument to the contrary is advanced by the government. The entire structure of the appellant's present point, however, is based on the proposition that the Trial Court admitted the statements generally and not against Chessario alone. That foundation is unsound in fact as is seen from the above narration of what really transpired. The same contention as now advanced was made on the motion for a new trial. The District Judge in his opinion passing on that motion, 59 F.Supp. 270, at page 271, speaking specifically of the first statement, said:

"Error is alleged in admitting the statement made by Frank Chessario on July 15, 1943 (Ex. No. 2). That statement was admissible as to the defendant who made it, and we so stated at the time it was admitted."

The appellant suggests that this matter is on all fours with our decision in Gambino v. United States, 3 Cir., 108 F.2d 140, 144. In the latter case, which also had to do with a conspiracy indictment, at the time the statement involved was offered in evidence, McMahon the defendant who had made it had already pleaded guilty and therefore, as Judge Maris says in the opinion, "The jury were not charged with the duty of determining McMahon's guilt." The statement there was admitted for the sole purpose of helping to show the existence of a conspiracy as charged and the Trial Judge specifically instructed "the jury that they could consider it in determining the question whether the conspiracy with which the appellants and the other defendants were charged, was proven." At that trial the whole argument of counsel for the defendants was that the statement could only be used as proof of the participation of the particular defendant and since he had already pleaded guilty it was not admissible at all. The Trial Court in the present issue correctly decided that the Gambino opinion stemmed out of a different situation though by inference at least that decision actually supports the ruling here. The latter follows the settled law on the subject, namely, that a statement made by a conspirator, not in further-

ance of the conspiracy, is admissible against the one making the statement though inadmissible as against his co-conspirators. Galatas v. United States, 8 Cir., 1935, 80 F.2d 15, certiorari denied 297 U.S. 711, 56 S.Ct. 574, 80 L.Ed. 998; Keith v. United States, 6 Cir., 1926, 11 F.2d 933; Sullivan v. United States, 8 Cir., 7 F.2d 355, certiorari denied 270 U.S. 648, 46 S.Ct. 348, 70 L.Ed. 779; Pappas v. United States, 9 Cir., 1923, 292 F. 982.

In the Galatas case, supra, Judge Gardner said at page 23 of 80 F.2d:

"Statements, admissions, or narratives by one conspirator after the conspiracy is ended are not competent ag inst other conspirators, but such evidence is admissible against the conspirator who makes them. Heard v. United States, 8 Cir., 255 F. 829 * * *."

The District Judge distinctly limited the evidential use of both statements to Chessario alone as above indicated. He might well have restated such limitation in his formal charge to the jury but under the facts plainly there was no error in not so charging in the absence of a request to do so. Troutman v. United States, 10 Cir., 1938, 100 F.2d 628; Brooks v. United States, 9 Cir., 1925, 8 F.2d 593.

In the Troutman case, supra, Judge Bratton said at page 634 of 100 F.2d:

"The purpose for which evidence is admitted or the party to whom it applies may be limited either at the time it is received or in the general instructions. McAllister v. McAllister, 72 Colo. 28, 209 P. 788; Courter v. [George W.] Chase & Son Mercantile Co., 222 Mo.App. 43, 299 S.W. 622. Where two or more defendants charged with a crime are tried jointly evidence which is competent against either should be admitted, and it then becomes the duty of those desiring that it be limited to submit a proper instruction covering the subject. No instruction was tendered here in which any evidence was specified and the jury charged that it had relation to a particular defendant and could not be considered against others. In the absence of such a requested instruction there is no basis for complaint. Ball v. United States, 9 Cir., 147 F. 32; Schultz v. United States, 8 Cir., 200 F. 234; Moffatt v. United States, 8 Cir., 232 F. 522; People v. Haydon, 18 Cal.App. 543, 123 P. 1102, 1114; Quinn v. Van Raalte, 276 Mo. 71, 205 S.W. 59;

Dendinger v. Martin, Tex.Civ.App., 221 S.W. 1095; Lanham v. Vesper-Buick Automobile Co., Mo.App., 21 S.W.2d 890."

We have examined the other points urged by the appellant. They are unsubstantial and do not require discussion. Affirmed.

BIGGS, Circuit Judge (concurring).

I agree with the majority that the judgments against Alfano should be affirmed but I think I should state my reasons for so concluding in respect to the judgment entered in the conspiracy case. Contrary to the view of the majority I conclude that the learned trial judge admitted Chessario's statements into evidence as to all defendants and did not limit their probative effect to Chessario. The trial court should have stated to the jury, when the statements were admitted, that their contents were not to be considered in any wise probative of Alfano's guilt. See our decision in Gambino v. United States, 3 Cir., 108 F.2d 140, 142-144, and the authorities cited in footnote 2 to that opinion. The failure of the trial judge to take such action would have constituted prejudicial error requiring reversal if it had not been for the fact, as the majority opinion points out, that Chessario, taking the stand in his own defense, testified as to every material matter included in the two statements. This purged the error.