## ROWLEY v. UNITED STATES.
### No. 14174.

United States Court of Appeals
Eighth Circuit.
Dec. 13, 1950.

Eugene Gilford Rowley, appellant, pro se.

Drake Watson, U. S. Atty., and William J. Costello, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

PER CURIAM.

The defendant (appellant) was charged by an indictment with having transported a certain stolen Buick automobile from Milwaukee, Wisconsin, to St. Louis, Missouri, on or about October 14, 1949, knowing it to have been stolen, Sec. 2312, Title 18 U.S.C.A. He entered a plea of not guilty, was tried to a jury, convicted, and sentenced to imprisonment for thirty months.

On this appeal the defendant seeks a reversal of the judgment and sentence upon three grounds: (1) that the District Court erred in not granting his motion for a mistrial because of an article published during the trial in the St. Louis Globe Democrat, referring to the defendant as an exconvict; (2) that the Government witness who testified that he had been picked up by the defendant a short distance from Milwaukee and had accompanied him in the stolen automobile to St. Louis, Missouri, and who was with the defendant in the automobile when they were both arrested in St. Louis, had deliberately lied; and (3) that on an occasion during the trial a deputy United States Marshal was seen talking to a juror, and that, when the defendant asked the Marshal if that was not irregular, he was told "that the juror is a pretty good guy and will no doubt be detrimental in finding me guilty as I should be found".

There is no merit whatever in any of the defendant's contentions. After the newspaper article, of which the defendant complains, was published, the trial judge, before denying the defendant's motion for a mistrial, assured himself by interrogating the jurors that the article had created no prejudice in their minds against the defendant. The denial of the motion was not an abuse of discretion. Compare, Reining v. United States, 5 Cir., 167 F.2d 362, 365, and United States v. Griffin, 3 Cir., 176 F.2d 727, 731. The credibility of the witness accused by the defendant of lying was for the jury to determine and is no concern of this Court.

The incident of the deputy Marshal's allegedly talking to a juror was not called to the attention of the District Court

524

and the record contains no reference to any such occurrence.

 The entire record in this case has been examined. It shows that at the trial the defendant was represented by competent counsel, that he was given a fair trial, and that no errors were committed by the Court. The evidence adduced by the Government was uncontradicted and amply justified the verdict of the jury.

The judgment appealed from is affirmed.