**Alfred William LEINO, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 7726.**

United States Court of Appeals
Tenth Circuit.

Nov. 12, 1964.

Louis G. Stewart, Jr., Albuquerque, N. M., for appellant.

Lewis Campbell, Albuquerque, N. M. (John Quinn, U. S. Atty., and Scott McCarty, Asst. U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found appellant Leino guilty of a violation of the Dyer Act[1] and he appeals.

Leino was arrested in New Mexico on November 15, 1962, and released on bond. The indictment was returned on April 26, 1963. Arraignment was continued three times because Leino did not appear. On October 4, 1963, Leino was present for arraignment. After the court explained his right to counsel, Leino asked for a continuance so that he could employ counsel. The case was set over to October 11. Leino appeared and requested appointment of counsel. Another continuance of a week was granted and then Leino was present with appointed counsel and pleaded not guilty. The case was set for trial on December 16. On that day Leino appeared with appointed counsel, requested a continuance to obtain witnesses, discharged his counsel, and said that he would retain his own lawyer. The case was continued to January 21, 1964. On that date Leino was present with his retained lawyer and said that he needed psychiatric care. The court continued the case until the after-

1. 18 U.S.C. § 2312.

noon so that a psychiatrist could examine Leino. The examination was made and the results reported to the court. When court convened in the afternoon Leino discharged his retained counsel and asked a continuance to get new counsel and subpoena witnesses. The request was denied. Counsel remained in attendance during the trial and was available for consultation.

■ Against this background Leino argues that he was denied procedural due process and the effective assistance of counsel, and relies upon the rejection of the continuance requested to subpoena witnesses and to obtain counsel. A motion for continuance is addressed to the discretion of the trial court whose action thereon is not subject to review unless the discretion is abused.[2]

■■ When a continuance is sought to obtain witnesses, the accused must show who they are, what their testimony will be, that the testimony will be competent and relevant, that the witnesses can probably be obtained if the continuance is granted, and that due diligence has been used to obtain their attendance on the day set for trial.[3] On the original trial date, December 16, 1963, Leino made a written showing of intent to subpoena 16 witnesses. Four of these were in court on that day and also during the

subsequent trial. Two of them testified. We have examined the showing made in regard to the others and find that it fails to satisfy the stated requirements. The trial court did not abuse its discretion in denying a continuance to obtain witnesses.

■ The exercise of the right to assistance of counsel is subject to the necessities of sound judicial administration; and the right may be waived.[4] The Supreme Court has said that an accused "may waive his Constitutional right to assistance of counsel if he knows what he is doing and his choice is made with eyes open."[5]

■■ We are convinced that Leino had a full understanding of his right to counsel and that he deliberately discharged both his appointed counsel and his retained counsel with his eyes wide open. The right to counsel may not be used to play "a cat and mouse game with the court."[6] By his actions Leino waived his right to counsel.[7] The court did not abuse its discretion in denying the continuance to permit the employment of a new lawyer.[8]

■ We find no denial of procedural due process. A review of the evidence discloses ample justification for the verdict of the jury.

Affirmed.

2. Brooks v. United States, 10 Cir., 330 F. 2d 757, 758; Smith v. United States, 10 Cir., 273 F.2d 462, 466, certiorari denied 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729; Spevak v. United States, 4 Cir., 158 F.2d 594, 597, certiorari denied 330 U.S. 821, 67 S.Ct. 771, 91 L.Ed. 1272.

3. Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375, 380, certiorari denied Ruben v. United States, 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199.

4. United States v. Arlen, 2 Cir., 252 F.2d 491, 494.

5. Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268, rehearing denied 317 U.S. 605, 63 S.Ct. 236, 87 L.Ed. 268.

6. See Relerford v. United States, 9 Cir., 309 F.2d 706, 708.

7. See Glenn v. United States, 5 Cir., 303 F.2d 536, 540–541.

8. The record shows that after sentence the court appointed a lawyer for Leino; that Leino discharged him; and that the court appointed still another lawyer who, at the time of oral argument said that he was retained.