Jesse Eugene **DEARINGER** and **Theodore J. Weinreich**, Appellants,

v.

**UNITED STATES** of **America**, Appellee.

No. 19092.

United States Court of Appeals Ninth Circuit.

April 5, 1965.

Richard Kane, Kadish & Kane, Seattle, Wash., Themistocles G. Michos, Los Angeles, Cal., for appellants.

William N. Goodwin, U. S. Atty., Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before JERTBERG, MERRILL and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

Appellants were convicted of violations of 18 U.S.C.A. § 2113, as a result of the attempted robbery of the University Place Branch of the National Bank of Washington in Tacoma, Washington, on November 21, 1962.

*Appeal of Jesse Eugene Dearinger*

Appellant Dearinger's principal specification of error arises out of the following circumstances:

After the government had completed its case and Dearinger's retained counsel had presented several witnesses for the defense, Dearinger expressed dissatisfaction with his counsel's performance and asked that counsel be "withdrawn from the case." The court denied the request, stating that the court was satisfied from its observation of counsel's conduct of the trial that the claim of inadequate representation was without substantial basis. The court also noted that delay and disruption of orderly procedures would result if such requests were granted at a late stage in trials, and pointed out that the court had taken great pains

to inquire of the defendant before trial if he were satisfied with counsel's services.

After a short recess to permit Dearinger and counsel to confer, counsel stated, "the defendant, your Honor, has advised me that he wishes to call several witnesses on his behalf, and I think the Court should know that I don't concur in it. But I think he does have a right to call those witnesses if he wishes to, your Honor." The court instructed counsel to call the witnesses, three in number. It developed that two of the witnesses were confined in local jails. The court told defendant Dearinger, "we will be glad to hear any witness you wish to call," but that the trial would not be delayed, and asked how long it would take to subpoena the witnesses. Counsel stated that it could be done quickly, and the court recessed for ten minutes for that purpose.

When court reconvened, Dearinger's counsel again stated, "I think the record should show that the defendant Dearinger has requested various and several witnesses to be called on his behalf. I have advised against it, your Honor. It is my considered opinion that none of the witnesses that he has requested will add anything to his case or benefit him in any way whatsoever. I want that made a matter of record, your Honor." He continued, "I have also advised the defendant that he has every right to take the witness stand and testify. At this time, your Honor, I wish the Court would also advise the defendant of his rights."

The court then advised Dearinger that he had a right to testify in his own behalf if he wished to do so, but "so far as calling witnesses are concerned, with the exception of the defendant himself, his attorney has the right and the law imposes upon that attorney the responsibility of exercising his informed discretion about whom to call and whom not to call as witnesses." The court concluded, "you have the right personally as the defendant before this jury to take that witness stand and testify in your case * * * [but] as to the other witnesses other than yourself, the Court acknowledges the judgment of your attorney."

Dearinger responded that he had dismissed his attorney. The court pointed out that Dearinger's motion to dismiss counsel had been denied, and "in law he is your lawyer and as far as every other question about your case and the further proceedings in this case are concerned except whether or not you personally take the stand, the Court accepts your attorney's judgment and requests in the matter instead of yours." In further colloquy Dearinger repeatedly expressed his desire to have the witnesses testify, and the court repeatedly ruled that this could not be done against his counsel's advice.[1]

---

1. The following excerpts are taken from the reporter's transcript:

"DEFENDANT: I can offer evidence, your Honor.

"THE COURT: The Court does not accept that as against your attorney's advice.

"DEFENDANT: He is not my attorney.

* * * * *

"DEFENDANT: Are you denying me the right to make a stand?

"THE COURT: I am denying you the right to call witnesses which your attorney says you may not call.

"DEFENDANT: Who did he say I may not call?

"THE COURT: Ask him, will you?

"DEFENDANT: Who do you say I may not call?

"COUNSEL: Just yourself.

"DEFENDANT: I can't call anybody but myself?

"COUNSEL: I am advising you to call nobody but yourself.

"THE COURT: The Court will accept that as the proper decision on behalf of the defense and will proceed.

* * * * *

"THE COURT: The defendant Dearinger may now proceed.

"COUNSEL: Your Honor, we have nothing further to offer.

"DEFENDANT: My attorney has issued a subpoena.

"THE COURT: Wait just a moment—

"DEFENDANT: (Interposing) for other witnesses.

"THE COURT: Just a minute. If you wish to take the stand, you have the right to do that and may do so now. As to whether or not there will be any other

Both parties recognize that while a federal criminal defendant may elect either to be represented by counsel or to represent himself,[2] a voluntary and intelligent election cannot be revoked without regard to the impact such action may have upon the orderly administration of justice.[3] Thus, a motion to dismiss counsel should be denied if defendant's reasons are insubstantial in relation to reasonably anticipated delay or disruption of court proceedings; and, conversely, such a motion should be granted where important interests of the defendant are at stake and there is no material danger that the processes of justice will be obstructed or abused.[4]

We need not decide whether the balance was properly struck in denying

---

proceedings other than that about calling you as a witness, the Court advises you that it accepts the discretion of your attorney.

"DEFENDANT: I have fired him, your Honor. He is not my attorney.

\* \* \* \* \*

"DEFENDANT: I do not wish to take the stand at this time. I have other witnesses.

"THE COURT: The Court directs the proceedings and not you, Mr. Dearinger. The Court directs that if you wish to appear as a witness in your behalf, that you now take the stand and proceed in that manner, and we will—

"DEFENDANT: (Interposing) You are completely denying me the right to any defense at all.

"THE COURT: Do you wish to take the stand?

"DEFENDANT: What do you say?

"THE COURT: I am not discussing that question, it is for you to decide. Do you wish to take the stand as a witness in your own behalf, or do you not wish to do so? The opportunity is now.

"DEFENDANT: After any other witnesses.

"THE COURT: The Court denies that condition and rejects your right to impose it and orders that if you wish ever to take the stand during your trial, you do so at this time.

"DEFENDANT: By doing that you deny me all the defense.

"THE COURT: The Court is not calling on you for argument. The Court is calling on you to accept or reject the opportunity of personally appearing as a witness in your own behalf.

"DEFENDANT: I do not have the right to obtain any other witness?

"THE COURT: You do not have any right to obtain any witness which your lawyer does not wish to call, and Mr. Tanner has—

"DEFENDANT: (Interposing) My lawyer has previously wished to call these witnesses. He also issued a subpoena.

"THE COURT: Never mind about that. The Court has directed you to proceed in the manner that I have just said, otherwise your case will have to be closed."

2. 28 U.S.C.A. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel \* \* \*"); Adams v. United States, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942); Sanchez v. United States, 311 F.2d 327, 332 (9th Cir. 1963); Butler v. United States, 317 F.2d 249, 258 (8th Cir. 1963); United States v. Private Brands, Inc., 250 F.2d 554, 557 (2d Cir. 1957). See also Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948); Johnson v. United States, 318 F.2d 855, 856–857 (8th Cir. 1963). The authorities are divided as to whether the right of self-representation is constitutional as well as statutory—a distinction considered significant in deciding whether denial of the right is itself reversible error or if prejudice must be shown. Compare Brown v. United States, 105 U.S.App.D.C. 77, 264 F.2d 363, 365 (1959), and Butler v. United States, 317 F.2d 249, 257–258 (8th Cir. 1963), with United States v. Plattner, 330 F.2d 271, 273–275 (2d Cir. 1964); see also Adams v. United States, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942), and Egan v. Teets, 251 F.2d 571, 576 n. 12 (9th Cir. 1957).

3. Sanchez v. United States, 311 F.2d 327, 332–333 (9th Cir. 1963); Brown v. United States, 105 U.S.App.D.C. 77, 264 F.2d 363 (1959); see also, Brasier v. Jeary, 256 F.2d 474, 67 A.L.R.2d 1096 (8th Cir. 1958).

4. Leino v. United States, 338 F.2d 154, 156 (10th Cir. 1964); United States v. Bentvena, 319 F.2d 916, 937–938 (2d Cir. 1963); Butler v. United States, 317 F.2d 249, 258 (8th Cir. 1963); Sanchez v. United States, 311 F.2d 327, 332–333 (9th Cir. 1963); Arellanes v. United States, 302 F.2d 603, 610 (9th Cir. 1962); Reynolds v. United States, 267 F.2d 235 (9th Cir. 1959); Brown v. United States, 105 U.S.App.D.C. 77, 264 F.2d 363, 366

Dearinger's request for permission to dismiss his counsel and represent himself. The real issue is narrower. Assuming the court acted within the limits of its discretion in requiring Dearinger to continue with his retained counsel, there remains the question of whether in the circumstances of this case it was proper for the court to impose the further condition that witnesses not be called against the advice of counsel.

The interest of an accused in the selection of witnesses to be called in his behalf is obviously great. The interest of the court in denying Dearinger that privilege appears to have been slight. The witnesses were available without delay.[5] Counsel had not refused to call and examine them.[6] There was no challenge to the good faith (as distinguished from good judgment) of the defendant in asking that they be heard.

The orderly and expeditious conduct of the trial may have required that defendant accept counsel's exclusive control of court proceedings, including the examination of witnesses, for the remainder of the trial; but it is difficult to perceive what court interest was served by requiring that defendant be bound by counsel's advice that the witnesses not be called. The condition limited defendant's control over a matter vital to his defense in a manner not reasonably required to assure an orderly and expeditious trial, and it was error to impose it.[7]

Since a new trial must be had in any event, we do not consider Dearinger's assertion that the court also erred in denying a motion for mistrial because of testimony given in the presence of the jury that Dearinger had committed crimes other than that with which he was charged.

### Appeal of Theodore James Weinreich

■ Appellant Weinreich complains that in instructing the jury the court referred to a witness as a "co-actor" or "accomplice" of appellant Weinreich, rather than one "alleged" to be such, thus indicating to the jury that the Judge had formed an opinion adverse to Weinreich on a crucial issue of fact.

On its face the argument appears strained and unrealistic. And when the challenged language is read in the context of the court's eminently fair and careful charge, we think it approaches frivolousness to contend that the jury could have interpreted it as appellant Weinreich suggests. It was made clear to the jury by explicit statement as well as by necessary implication that the court

(1959); United States v. Gutterman, 147 F.2d 540, 542, 157 A.L.R. 1221 (2d Cir. 1945); United States v. Mitchell, 137 F. 2d 1006, 1011 (2d Cir. 1943).

5. Quite a different case would be presented if a continuance were required to secure the presence of the desired witnesses, or of a new attorney. Leino. v. United States, 338 F.2d 154, 156 (10th Cir. 1964); Sanchez v. United States, 311 F.2d 327, 331–332 (9th Cir. 1963); Cleveland v. United States, 116 U.S.App. D.C. 188, 322 F.2d 401 (1963); Arellanes v. United States, 302 F.2d 603, 610 (9th Cir. 1962); 326 F.2d 560 (9th Cir. 1964); United States v. Paccione, 224 F.2d 801, 802–803 (2d Cir. 1955); Swope v. McDonald, 173 F.2d 852, 854 (9th Cir. 1949); United States v. Mitchell, 137 F.2d 1006, 1010 (2d Cir. 1943). See also United States v. Arlen, 252 F.2d 491, 494 (2d Cir. 1958); United States v. Gutterman, 147 F.2d 540, 541 n. 1, 542, 157 A.L.R. 1221 (2d Cir. 1945).

6. As we understand the record, counsel did not seek to be relieved of calling and examining the witnesses defendant desired, but wished only to relieve himself of responsibility for what he felt to be an unwise course of action by making it clear on the record that the decision to call the witnesses was made not by counsel but by defendant against counsel's advice. Counsel's advice not to call the witnesses was given compulsive effect upon defendant not by counsel, but by the court. See note 1 and related text.

7. The condition applied without regard to the nature of the expected testimony, which does not appear in the record. We therefore cannot know whether the evidence was inadmissible, cumulative, or of little weight, so that failure to permit its production would be harmless error. Cf. United States v. Gutterman, 147 F.2d 540, 542 (2d Cir. 1945).

expressed no view of its own as to the facts.

 Appellant Weinreich seeks reversal of his conviction on two additional grounds. He asserts that he was not represented by counsel during a period between arrest and trial, and that there was unauthorized communication between a third person and certain jurors during trial. Neither contention was made to the trial court, and both rest upon assertions of fact wholly outside the record. They present nothing which we can review in this proceeding.[8]

As to appellant Dearinger the judgment is reversed; as to appellant Weinreich it is affirmed.

---

**3.** Rowley v. United States, 185 F.2d 523 (8th Cir. 1950); Cf. Johnson v. United States, 318 F.2d 855, 858–859 (8th Cir. 1963).