Joseph Monroe McCONNELL, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 23572.

United States Court of Appeals Fifth Circuit.

April 11, 1967.

**907**

GEWIN, Circuit Judge:

The appellant, Joseph Monroe McConnell, Jr., was tried and convicted by a jury upon a three count indictment charging violation of the narcotics laws of the United States. He was sentenced to a term of five years by the United States District Court for the Southern District of Alabama. On this appeal he claims that his trial was constitutionally inadequate because he was not represented by counsel at every stage of the proceeding. We agree and remand the case for a new trial.

The appellant and one Grady Monroe Holsen were jointly indicted for conspiracy to violate the narcotic laws of the United States and for the illegal possession and sale of narcotic drugs.[1] The indictment was returned on January 12, 1966, and the appellant was arraigned on January 21, 1966. His retained attorney, Mr. Brooks Taylor of Crestview, Florida,[2] was not present at the arraignment, but he had called the United States Attorney and requested that a plea of not guilty be entered to each

Irving Silver, Mobile, Ala., Joseph Monroe McConnell, Jr., pro se, for appellant.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., Don Conway, Asst. U. S. Atty., for appellee.

Before GEWIN and GOLDBERG, Circuit Judges, and SPEARS, District Judge.

1. The indictment charged the appellant with violating 26 U.S.C. §§ 4704, 4705, and 7237 (1964). The relevant portions of those sections provide:

"§ 4704 Packages

(a) General requirement—It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

\* \* \* \* \*

"§ 4705 Order Forms

(a) General requirement—It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

\* \* \* \* \*

"§ 7237 Violation of laws relating to narcotic drugs and to marihuana

(a) Where no specific penalty is otherwise provided.—Whoever commits an offense or conspires to commit an offense described in part I or part II of subchapter A of chapter 39 for which no specific penalty is otherwise provided, shall be imprisoned not less than 2 nor more than 10 years and, in addition, may be fined not more than $20,000.

(b) Sale or other transfer without written order.—Whoever commits an offense, or conspires to commit an offense, described in section 4705(a) or section 4742(a) shall be imprisoned not less than 5 nor more than 20 years and, in addition, may be fined not more than $20,000."

26 U.S.C. §§ 4704, 4705 and 7237 (1964)

2. Local rules of the Southern District require that visiting attorneys must have an attorney to appear with them who is admitted to practice in the District Court and who resides within the geographical jurisdiction of the Court. Mr. Taylor informed the Court at the time of arraignment that his local counsel, Mr. Bulwinkle, of Mobile could no longer handle the case and that he would obtain other qualified local counsel.

count of the indictment, with leave to attack the validity of the indictment. The appellant informed the Court that he had no objection to such a plea and the plea was entered as requested.

On March 11, 1966, the United States Attorney brought to the attention of the Court the fact that Mr. Taylor had filed a motion on February 14, 1966, seeking to withdraw as attorney for the appellant. The motion alleged that the appellant had not paid Mr. Taylor as promised and had otherwise refused to cooperate. The Court granted the motion after the appellant consented. The Court then stated to the appellant that his case was set for trial within ten days, and asked the appellant if he wanted the court to appoint a lawyer for him. The appellant stated that he did not desire appointed counsel, and that he would retain private counsel. The Court again stated that he was willing to appoint an attorney to represent the appellant, but commented that he would not continue the trial in the event the appellant failed to secure the assistance of counsel by the trial date. The appellant again stated that he did not desire appointed counsel, and assured the Court that he would retain counsel before the trial date. In response to a question of the United States Attorney, he said that he would represent himself in the event he did not have an attorney by the trial date.

Shortly after Mr. Taylor withdrew, the appellant contacted a Mr. Stanard, a Mobile attorney, and requested that Mr. Stanard represent him. Mr. Stanard asked the appellant to come to his office and to bring a copy of the indictment. The appellant's copy of the indictment had not been returned by Mr. Taylor at that time, and before the appellant received the indictment from Mr. Taylor, he was arrested by the City of Mobile on local charges.

The appellant's case, along with the case against Holsen, was called for trial on March 21, 1966. The appellant appeared without counsel,[3] but assured the Court that he had retained Mr. Stanard to represent him. While Mr. Stanard was being contacted by an officer of the Court, the Court granted Holsen, who was represented by counsel, a continuance to secure the testimony of a witness. Upon being contacted, Mr. Stanard informed the Court that he did not represent the appellant. When apprised by the Court of Mr. Stanard's statement, the appellant then asked the Court to appoint an attorney. The Court reminded the appellant of the previous colloquy had in connection with the withdrawal of Mr. Taylor and again stated that the case was going to be tried that day. The Court proceeded to select a jury and during this process the appellant again requested that counsel be appointed. The request was denied. The appellant insisted that he thought he had retained Mr. Stanard. The Court stated that he was sorry a misunderstanding had occurred but that the trial would have to proceed.[4]

3. The record does not show how long the appellant was detained by the City of Mobile, or how he secured his release in order to appear before the Court. The record does disclose, however, that in order to secure the appellant's attendance for sentencing, it was necessary for the Court to issue a writ of habeas corpus ad Prosequendum.

4. "The Court: Put this on the record, Mr. Reporter, Mr. McConnell, I don't want to put you to trial without a lawyer, but we went through this a week or 10 days ago. Now, it is unfortunate that you and Mr. Stanard may have had a misunderstanding, but he is a member of the Bar and he tells me he has not been employed. He states that he just doesn't represent you. Now, I am going to see that you get a fair trial. I am not your lawyer, but I am going to do my best to see that you get a fair trial, and I will assist you in interrogating the witnesses. Now, you make any statement that you wish in the record.

"Mr. McConnell: Your Honor, just about two weeks ago I talked to Mr. Stanard about the case and he said he would take the case and to come up to his office and see him and to bring a copy of the indictment. Well, the copy of the indictment I had was mailed to Crestview, Florida. It hasn't come back yet. I was

The trial commenced and the Court vigorously cross-examined the three witnesses who appeared for the government, but the appellant did not take part in the conduct of the trial in any way. The appellant claimed to have one witness, whom he thought was in Birmingham, but when the Court gave him an opportunity to state the nature of the witness's testimony he refused to make any comment. The case was submitted to the jury without argument on behalf of either the appellant or the government. The jury returned a verdict of guilty on all three counts. The appellant was sentenced on March 29, 1966. He was not represented by counsel when sentenced.

The appellant urges numerous grounds for reversal, but his chief complaint is that he was denied the right to counsel as provided by the Sixth Amendment at the arraignment, the trial, and when he was sentenced. The government argues that he waived his right to counsel and relies on the fact that the Court offered to appoint counsel before the trial date, which offer the appellant rejected, insisting that he would retain his own attorney, which he failed or neglected to do. The government further points to the fact that appellant was warned that the trial would proceed as scheduled in the event he did not retain his own attorney.

■ At this stage of our history, the right of a criminal defendant to have the effective assistance of adequate counsel at every material stage of the criminal process is firmly entrenched in the very fibre of our constitutional framework. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The right to counsel attaches whenever the accused is substantially deprived of his freedom,

Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and continues through the sentencing process. Davis v. United States, 226 F.2d 834, 839–840 (8 Cir. 1955). Where the rights of the accused may be substantially affected as a result of the arraignment, he must be represented by counsel. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). In view of the waiver provisions of Rule 12, Fed.R.Crim.P., there is little doubt that the arraignment in a federal criminal prosecution is a vital part of the criminal process and consequently the accused is entitled to the assistance of counsel at that time. Johnson v. Zerbst, supra; Hamilton v. State of Alabama, supra; Anderson v. United States, 122 U.S.App.D.C. 277, 352 F.2d 945, 947 (1965). However, the accused's lack of counsel at arraignment is not so inherently prejudicial to the rights of the accused as to vitiate, in all cases, an otherwise valid conviction. To require that a conviction be set aside, it is necessary that the accused demonstrate some possible prejudice which resulted from the absence of counsel. Anderson v. United States, supra; McGill v. United States, 121 U.S.App.D.C. 179, 348 F.2d 791 (1965).

■ In the instant case, while the appellant did not have counsel actually present at the arraignment, he did have the assistance of counsel in entering his plea. The plea entered was the one advised by his retained counsel who was aware of the nature of the charges against him. Under the facts and in the circumstances of this case, the plea of not guilty with leave to attack the indictment did not compromise any of the appellant's rights. Indeed, the plea protected the appellant against the waiver of a substantial class of motions under Rule 12. In addition, the appellant indicated that he wished the plea to be entered as requested by his counsel, and

---

waiting for it to come back when I was arrested over here by the City. Up to my knowledge, right now, I had legal counsel, I thought.

"The Court: Well, I'm sorry there is a misunderstanding. We will have to go ahead."

thus it was entered with his consent. Although there may be circumstances in which the lack of counsel at arraignment would require that a conviction be set aside, we are convinced after a careful review of the record that in the instant case there was not the slightest possibility of prejudice resulting from the appellant's lack of counsel. Accordingly, we find the appellant's first point to be without merit.

■ The appellant's lack of counsel at the trial, however, is an entirely different matter. Not only is it clearly established that, absent an intelligent and competent waiver, lack of counsel at a criminal trial requires the conviction to be set aside, Johnson v. Zerbst, supra, but the inadequacy of the appellant's defense and the consequent prejudice is manifest from a perusal of the record in this case. In determining whether there is a competent, informed and intelligent waiver, the judge before whom an accused appears without counsel is charged with a serious responsibility that can not be perfunctorily performed. Day v. United States, 357 F.2d 907 (7 Cir. 1966). See United States v. Curtiss, 330 F.2d 278 (2 Cir. 1964); Cross v. United States, 117 U.S.App.D.C. 56, 325 F.2d 629 (1963). All reasonable presumptions must be indulged against a waiver, Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Johnson v. Zerbst, supra, and any waiver must clearly appear on the record.

> "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer." Carnley v. Cochran, supra, 369 U.S. at 516, 82 S.Ct. at 890.

■ In the case before us, the record clearly demonstrates that the appellant desired the assistance of counsel and there is only the slightest evidence that he waived that right. His response to the prosecuting attorney's question that he would proceed without counsel in the event he failed to retain counsel by the trial date, in our view, does not meet the requirements of an intelligent and understanding waiver. Further, any inference of an intelligent and understanding waiver drawn from that response is rebutted by his continual requests for the appointment of counsel when it appeared that he did not have retained counsel, as he apparently thought. The record fails to evidence any indication that the appellant actively desired to conduct his own defense.

■ The government argues that the appellant attempted to use his right to counsel as a ploy to delay the trial and that he waived his right to counsel as a result of this tactic. We cannot agree. The record fails to disclose that the appellant acted in bad faith or that he was wilfully seeking to mislead the court with reference to his desire or ability to retain counsel of his own choice. Apparently, there was a misunderstanding between him and Mr. Stanard. (See footnote 4) The cases which establish the rule upon which the government relies, are clearly distinguishable on their facts and are inapposite. In United States v. Arlen, 252 F.2d 491 (2 Cir. 1958), the Court was faced with a situation where the government's principal witness was seventy-seven years old, and after four months, during which time the defendant had manifested an intent to delay the trial as long as possible, the defendant had not retained private counsel. The Court held that since it was clear he could afford private counsel, his failure to employ an attorney constituted a waiver of his right to counsel. Leino v. United States, 338 F.2d 154 (10 Cir. 1964) involved a defendant who had obtained numerous continuances extending over eight months, and had discharged his second attorney on the trial date. The Court held that his request to have a third attorney appointed was made to further delay the trial, and not to secure his constitutional rights.

Similarly in Glenn v. United States, 303 F.2d 536 (5 Cir. 1962) on an appeal from the defendant's second trial, the court had under consideration a record that clearly demonstrated that the defendant desired to handle his own case. The first conviction had been set aside because of the defendant's lack of counsel at trial. See sub nom. Everitt v. United States, 281 F.2d 429 (5 Cir. 1960). On the first appeal the court decided that the defendant's comment that he wanted the freedom to pursue rights he deemed of importance irrespective of his counsel's opinion, did not constitute a waiver. However, on the second appeal it was manifest from the defendant's refusal to cooperate with his appointed counsel, and the continual filing of his own motions that he desired to defend himself. Cleveland v. United States, 116 U.S.App.D.C. 188, 322 F.2d 401 (1963) presents a situation similar to that in *Leino,* supra.

The record before us is barren of any evidence that the appellant was seeking to postpone the trial by the device of requesting appointed counsel or that he desired to defend himself. Ten days before trial his retained counsel was allowed to withdraw from the case. The record indicates that he then attempted to employ other counsel. His attempt was apparently frustrated by his arrest on local charges. When apprised that counsel whom he evidently thought he had retained would not appear in his behalf, he immediately requested appointed counsel. There is no evidence to indicate that his belief that he had retained another attorney was not reasonable and in good faith. During the early part of his short trial, he repeatedly requested that counsel be appointed. The delay which would have resulted from the appointment of counsel in the circumstances of this case cannot justify a refusal to make the appointment. Indeed, the Court continued the co-defendant's case to enable him to secure the testimony of a witness. In view of the foregoing, we are forced to conclude that the appellant did not waive his right to counsel, and that the district court's failure to postpone the trial and appoint counsel violated the appellant's Sixth Amendment rights.

The judgment is therefore reversed and the cause remanded for further proceedings not inconsistent herewith.

Reversed and remanded.