**Ray Lee JOHNSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 17274.

United States Court of Appeals
Eighth Circuit.

Feb. 20, 1963.

954

Ray Lee Johnson, appellant, in pro. per.

F. Russell Millin, U. S. Atty., Kansas City, Mo., for appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant is under conviction and sentence for escape in violation of 18 U.S.C. § 751. The escape was made from the Honor Farm of the United States Penitentiary at Leavenworth, Kansas, located in Platte County, Missouri. Appellant was at the time under commitment on a sentence for narcotic violation imposed by the District Court for the Eastern District of Illinois. He remained a fugitive for almost three years before he was apprehended. He was thereafter convicted and sentenced in the District Court for the Western District of Missouri for the escape. He now seeks to appeal in forma pauperis from that judgment.

The court had appointed counsel to represent appellant on the escape charge, but, after going over the matter with appellant, counsel was of the judgment that appellant had no possible defense and ought, therefore, to plead guilty. He so advised appellant, but appellant refused to listen to this and requested the court to appoint other counsel for him. The court refused in the circumstances to do so, and appellant then sought to obtain counsel of his own choosing.

He asserts that he was unable to get the attorney selected by him to agree to try the case on the basis of his promise to pay a fee after he was released from the penitentiary. From the trial court's memorandum, however, it appears, as having been brought out in a part of the proceedings before the court, that this attorney, like appellant's appointed counsel, had told him that he had no defense to the charge, and that the attorney would not at all represent him except upon the condition that he would plead guilty and the attorney should then attempt to get the court to minimize the penalty.

Appellant continued to insist to the court that he wanted a jury trial, and in the situation thus confronting him, he undertook to represent himself. He asserted as defenses before the jury (a) that the sentence under which he was placed on the Honor Farm was illegal because it had been imposed upon him by taking him against his will from the Missouri State Penitentiary to the Eastern District of Illinois for that purpose and

then returning him to the Missouri State Penitentiary; (b) that, additionally, the placing of him on the Honor Farm after he had completed his Missouri state sentence and had been taken to Leavenworth on the federal sentence, was against his will, and he therefore had a right to leave; and (c) that, in any event, from the nature and purpose of the Honor Farm, any leaving of it without permission could at most constitute merely a breach of trust and not an offense of escape.

All of these defenses were, of course, legally frivolous, but, because appellant was representing himself, the court did not undertake to halt him in asserting them or arguing them to the jury. In its instructions, however, the court, with judicial responsibility, told the jury that none of the grounds thus urged by appellant constituted in law a justification for his leaving the Honor Farm. It added, as to his contention that the sentence which he was being made to serve at the time was illegal that the sentence was not invalid because he had been transported against his will from the Missouri State Penitentiary to the Eastern District of Illinois for the purpose of enabling it to be imposed.

The conviction of appellant on the narcotic charge in the Eastern District of Illinois had previously occurred. He was out on bail awaiting sentence on the conviction, when he went into Missouri and engaged in armed robbery. The State of Missouri seized, tried, and convicted him for that offense and sent him to the State Penitentiary for a term of 10 years. After he had commenced the service of that sentence, the State permitted him to be taken to the Eastern District of Illinois for the purpose of having sentence imposed on his prior conviction there, with the federal sentence being made to run consecutively to the service of his state sentence.

At the trial on the escape charge, the Government, to establish the validity of appellant's commitment and custody at the time of the escape, made proof of the judgment of conviction and sentence in the District Court for the Eastern District of Illinois, and of the judgment of conviction and sentence in the Missouri state court to which the federal judgment contained reference and to whose service it was made consecutive.

When the time came for appellant to make his opening statement in the escape trial, the court informed him that he had a right to tell the jury only what he intended to prove; that such statements would not constitute evidence or be entitled to be considered by the jury unless they were thereafter proved by him; that he was, of course, not required to take the witness stand and give testimony himself unless he desired to do so; that if, however, he failed to offer any evidence to substantiate such statements as he might make to the jury, the court would have to instruct that the statements could not be considered by the jury; and that in this situation there would be nothing to disprove the facts which the Government had presented. Appellant then stated that under these circumstances, instead of making an opening statement, he would take the stand and tell the jury his story.

With the same lay-lawyer ingeniousness which was displayed by the defenses of his trial, appellant now seeks to appeal in forma pauperis from his conviction, to enable him to have presented the contentions (a) that the court was required to make appointment of other counsel for him for purposes of his trial on the ground that he was incapable of defending himself; (b) that his taking of the witness stand was a matter of compulsion under the circumstances, not of free will, and that his right not to be a witness against himself was thereby violated; (c) that it was error for the court to allow the Government to make proof of the criminal judgments against him from the District Court for the Eastern District of Illinois and the Missouri state court, because of their "highly prejudicial nature"; and (d) that the court's instructions had unlawfully directed the jury to return a verdict of guilty against

**956**

him, since this was not entitled to be done in a criminal case.

Contentions (c) and (d) are plainly frivolous on the face of the files and record before us, and they thus are without basis for seeking pauperis leave to make them the subject of an appeal.

■ The judgments of the District Court for the Eastern District of Illinois and of the Missouri state court, in the consecutive relationship which was made to exist between them, were manifestly entitled to be received in proof of the validity of appellant's commitment and custody, and in demonstration that the right of custody was at the time of his escape still in effect against him.

■ As to the instructions, these did not, as appellant contends, direct the jury to return a verdict of guilty against him. The instructions, as indicated above, properly told the jury that the defenses on which appellant relied did not legally constitute a justification for his leaving the Honor Farm. On the evidence before it, the jury could hardly responsibly have done other than return a verdict of guilty, but it was not directed to do so. The jury was sent out for regular deliberation, with both "not guilty" and "guilty" verdict forms being handed to it, and with its being left entirely free, if it saw fit, to return a verdict of not guilty, under its common law prerogative in a criminal case.

■ As to appellant's contentions (a) and (b), whether they ultimately are found to have any substance or not, we think he should be afforded the opportunity for a full legal development and presentation of them here before disposition is made of them. Docketing of an appeal will, therefore, be permitted to be made without prepayment of fee in order to enable appellant to have such development and presentation made. A statement of the circumstances relating to appellant's representation of himself is set out in the trial court's memorandum contained in the files, and the files also contain a transcript of the proceedings occurring in respect to appellant's

taking the witness stand. A separate order will be entered appointing counsel to represent appellant for purposes of the appeal herein allowed. Typewritten briefs will be permitted to be filed by both parties.

So ordered.