Ray Lee JOHNSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17274.

United States Court of Appeals
Eighth Circuit.

June 10, 1963.

Robert B. Olsen, Kansas City, Mo., made argument for appellant and filed brief.

John L. Kapnistos, Asst. U. S. Atty., Kansas City, Mo., made argument for the appellee and was on the brief with F. Russell Millin, U. S. Atty., Kansas City, Mo.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and YOUNG, District Judge.

VAN OOSTERHOUT, Circuit Judge.

Defendant Ray Lee Johnson appeals from his conviction upon an indictment charging him with escape from federal custody in violation of 18 U.S.C.A. § 751. Defendant was tried and found guilty by a jury and he was sentenced to three years imprisonment, said sentence being made consecutive to the term defendant was serving at the time of his escape.

Defendant filed timely notice of appeal and a petition for leave to proceed in forma pauperis. The trial court permitted the filing of notice of appeal but denied defendant's right to proceed in forma pauperis, the court finding that the appeal was frivolous, without merit, and not taken in good faith. Upon petitioner's application to this court for leave to appeal in forma pauperis notwithstanding the trial court's certificate, we filed an opinion in Johnson v. United States, 8 Cir., 313 F.2d 953, permitting the prosecution of the appeal in forma pauperis upon the following issues:

1. Violation of defendant's constitutional right to be represented by counsel.

2. Violation of defendant's right not to be examined as a witness against himself. (This issue was abandoned on appeal.)

Mr. Robert B. Olsen of the Kansas City, Missouri, Bar was appointed by this court to represent the defendant upon this appeal. Mr. Olsen by supplemental order was authorized to assert any errors that he might deem appropriate in support of the appeal.

We are indebted to Mr. Olsen for the excellent brief filed and the oral argu-ment made upon behalf of the defendant. Mr. Olsen has performed his duties with skill and diligence.

Defendant upon this appeal raises two issues:

I. The court erred in failing and refusing to appoint new counsel for appellant after counsel originally appointed withdrew from the case before trial.

II. The court erred in imposing upon appellant a more severe sentence than would otherwise have been imposed because appellant claimed his constitutional right to trial by jury.

We shall now give the asserted errors consideration.

I.

A defendant in a federal criminal trial, by virtue of the Sixth Amendment, is entitled to representation by counsel in the trial court. If the defendant is without funds, the court is required to appoint competent counsel to represent him. The trial court recognized this constitutional right of the defendant by appointing Mr. Joseph L. Flynn, of the St. Joseph, Missouri, Bar, as counsel for defendant.

It is equally well-settled that a defendant charged with a federal crime may waive his right to representation by counsel "if he knows what he is doing and his choice is made with eyes open." Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 241–242, 87 L.Ed. 268; Johnson v. Zerbst, 304 U.S. 458, 468–69, 58 S.Ct. 1019, 82 L.Ed. 1461; Hayes v. United States, 8 Cir., 296 F.2d 657, 668; Lipscomb v. United States, 8 Cir., 209 F.2d 831, 834; Glenn v. United States, 5 Cir., 303 F.2d 536, 540; Igo v. United States, 10 Cir., 303 F.2d 317, 318; Arellanes v. United States, 9 Cir., 302 F.2d 603, 610; Watts v. United States, 9 Cir., 273 F.2d 10, 12.

A court cannot force the services of an attorney upon a defendant against his wishes. The issue of whether the defendant knowingly and intelligently has waived his right to be represented by counsel is usually one of fact.

It is apparent from the record that the trial court based its order relieving Mr. Flynn as counsel upon a determination that the defendant had knowingly and intelligently waived his right to be represented by counsel. The burden is upon the defendant to demonstrate that such finding is without substantial evidentiary support. In United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248, the Court states, "Of course, the absence of a showing of waiver from the record does not of itself invalidate the judgment. It is presumed the proceedings were correct and the burden rests on the accused to show otherwise." See also, Watts v. United States, supra.

In our present case, the record supports a finding of waiver of counsel. Mr. Joseph L. Flynn, a member of the St. Joseph, Missouri, Bar, a competent, experienced and able trial attorney, who had previously served as an assistant United States Attorney for some seven years, was appointed counsel for the defendant by the court prior to defendant's arraignment in March of 1962 and continued to serve in such capacity until his release on September 6, 1962. The proceedings before the court on that date in the presence of the defendant, so far as material, are as follows:

"Mr. Flynn: * * * The defendant has indicated his desire that I not represent him, and I withdraw as counsel in the case that he might represent himself. He desires to represent himself.

    \*      \*      \*      \*      \*

"Mr. Flynn: To straighten this out, I might state that I advised my client what my opinion was in these various matters, and I have advised him, of course, that it is my duty to represent him and protect all of his rights in the matter, and represent him to the best of my ability, but I have told him also what I consider the law to be, and by reason thereof, he prefers to represent himself.

    \*      \*      \*      \*      \*

"The Court: Well, all right. I suppose under the law you are entitled to a trial. I have appointed Mr. Flynn as your attorney and he is a good lawyer. He was in the District Attorney's office for a number of years. He is in the practice and I know of no man who is more capable of advising you as to the law than Mr. Flynn. You say you do not want Mr. Flynn to represent you?

"Defendant Johnson: No, sir, he has had six months and he has done nothing."

    \*      \*      \*      \*      \*

"Defendant Johnson: That is what I say. I believe Mr. Flynn would do it the best he could, but he doesn't understand the points that I want.

"The Court: I see, he doesn't understand. You realize you are entitled to have a lawyer if you want one. The Court has appointed a lawyer for you and a good lawyer. If you do not want this lawyer to represent you, you have a perfect right to try your own case, but I am not going to appoint another lawyer for you. I am not going to do that. I have done all that the law requires. I have appointed a good lawyer and he has advised you, and if you insist on a trial, I suppose Mr. Flynn should sit here and see that the defendant is properly given a fair trial. If you do not want him to do that, then I think he must be excused. Is that what you want?

"Defendant Johnson: Well, I would like to see that my Constitutional rights—

"The Court: I have done all I can do for you. I am not going to appoint another lawyer. If you want Mr. Flynn to withdraw, all right, but I am not going to appoint another lawyer.

"Defendant Johnson: I don't want to cause this man any more inconvenience.

"The Court: You are not causing him any inconvenience, but it is his duty as an officer of this Court to represent you and present whatever there is. It is his duty to advise you as to what he believes the law to be. * * *

* * * * *

"The Court: Yes, I suppose so. I don't want to discuss the proposition with you, but the question is, do you want Mr. Flynn to continue to represent you?

"Defendant Johnson: No, sir, I don't.

"The Court: Mr. Flynn will be permitted to withdraw on the statement of the defendant, but the Court will not appoint another lawyer to represent this defendant.

"If he wants a trial of this case and is unable to obtain counsel, you will have to present it yourself, because I am not going to ask another lawyer to represent you. You are entitled to be represented and you have had a chance and the Court is going to excuse him."

Defendant in his brief states:

"No question is here raised concerning the competency of Mr. Flynn. From all that appears in the record, he is not only well trained in the law but also experienced in the field of criminal law. Neither does appellant complain of Mr. Flynn's advice to him concerning the validity or invalidity of his defenses to the charge. Whether sound or unsound, that advice was given in accordance with the duty of counsel. Nor can complaint be made of Mr. Flynn's advice to appellant that he plead guilty, or waive jury trial, or stipulate certain of the facts. Such advice may be given, and is often given, by the most competent, loyal and conscientious of counsel."

■ Defendant's complaint is that Mr. Flynn failed to exhibit loyalty and conscientiousness for the best interest of his client in that he put his client in a bad light with the court by stating to the court that his client refused to accept his advice to waive a jury and that he did not exert efforts to soften the court's attitude toward the defendant. A short answer to such contention would be that such complaint or challenge was not made to the trial court. We shall, however, consider such contention upon its merits.

It is quite true that the court expressed a firm view that no fact issue was presented on defendant's guilt and that any legal defenses could adequately be considered by the court, and that a jury trial would be a waste of taxpayers' money. The record shows defendant was serving a sentence imposed by a federal court at the time he escaped. At the trial he admitted that he left the penal institution without consent or authorization. We pointed out in our prior opinion in this case the complete lack of any meritorious defense.

Defendant at times indicated both to Mr. Flynn and to Mr. Randolph, an attorney he sought to employ and with whom he consulted after Mr. Flynn's release, that he might enter a plea of guilty. We do not believe that anything Mr. Flynn did amounted to anything other than was required of him to keep the court informed as to the defendant's position on his demand for a jury trial so as to enable the court to make appropriate arrangements for scheduling the trial.

Mr. Flynn's statement made in open court, hereinabove set out, adequately shows that he was prepared to and intended to protect defendant's rights to the best of his ability.

■ The record discloses no valid reason for the replacement of Mr. Flynn by other court-appointed counsel. Defendant's counsel has submitted with his brief an affidavit of the defendant and the transcript of telephone conversations between defendant's counsel and Mr. Flynn and Mr. Randolph. All of these instruments came into existence after the completion of the trial and were never called to the attention of the trial court and do

not constitute part of the record in the trial court. Obviously, we cannot consider them as a portion of the record upon this appeal.[1]

Defendant was fully informed as to the court's view that Mr. Flynn was in a position to competently represent the defendant and that if defendant insisted on Mr. Flynn's release, no other attorney would be appointed to represent him. With such knowledge defendant unequivocally informed the court that he insisted upon Mr. Flynn's release.

We observe that the court and appointed counsel might well have exercised more restraint in urging the defendant to waive a jury trial. We have no doubt that they were expressing their honest convictions as to the lack of merit in defendant's asserted defenses. No prejudice resulted to the defendant. He persisted in his right to a jury trial and received such a trial. The trial court scrupulously protected the defendant's rights at the trial. Among other things, the court dictated into the record motions for acquittal and exceptions to instructions upon behalf of the defendant. Defendant does not here urge that any error was committed in his trial to the jury and we find none. The defendant has in all respects had a fair trial.

The trial court committed no error in determining defendant has waived his constitutional right to be represented by counsel.

## II.

■ We find no substance to defendant's contention that he has been punished in part for insisting upon his right to be tried by a jury. 18 U.S.C.A. § 751 provides for a penalty of imprisonment of not more than five years for the offense here involved. The three-year sentence imposed was well within the statutory limits.

■ We have frequently held that where the sentence imposed is within the limits allowable by the governing statute, a claim of excessive punishment cannot be considered. Janko v. United States, 8 Cir., 281 F.2d 156, 170–71; Carlson v. United States, 8 Cir., 274 F.2d 694, 695; Jacobsen v. United States, 8 Cir., 260 F.2d 122, 123.

In Jacobsen v. United States, we stated: "When a District Judge imposes a sentence authorized by statute of the United States, he commits no error of law."

In Williams v. Oklahoma, 358 U.S. 576, 585, 79 S.Ct. 421, 426–427, 3 L.Ed.2d 516, the Supreme Court upheld a death sentence imposed by the state court on a kidnaping charge after a plea of guilty, stating among other things: "In discharging his duty of imposing a proper sentence, the sentencing judge is authorized, if not required, to consider all of the mitigating and aggravating circumstances involved in the crime."

Defendant relies largely upon United States v. Wiley, 7 Cir., 278 F.2d 500, where the court held without citing supporting authorities that a person may not be punished because he, in good faith, defends himself when charged with a

---

1. We have examined the post-trial documents. The Flynn and Randolph statements afford no basis whatever for support of the contention that Mr. Flynn could not serve as effective counsel for defendant. The documents show that counsel fully understood the law and the facts of the case, and the view of each of them was that no reasonable possibility of a successful defense existed. The statements show that each urged pleas of guilty upon the basis that such action might be given favorable consideration by way of mitigation in passing sentence. The statements also show that defendant at times led each counsel to believe that he would accept their advice and plead guilty. Flynn's statement discloses that defendant made no complaint about his representation but told him that he believed that by trying his own case he could go further in making statements to the jury and examining witnesses than counsel could. Defendant in his own affidavit denies such statement and denies that he ever unconditionally told counsel that he would plead guilty. Defendant's post-trial affidavit contains no showing upon the waiver-of-counsel issue which would overcome the statements made in open court as reflected by the record.

crime. The court there found the defense was not frivolous and was asserted in good faith. There was also evidence to support an inference that the defendant was punished in part for standing trial. Our present case is readily distinguishable from Wiley. We found in our former opinion that the defense was frivolous. Moreover, we find no support in the record for a conclusion that the sentence was imposed in part to punish the defendant for insisting upon a jury trial. Hence, we do not reach the troublesome question of whether the fact that a defendant stands trial may be considered as a factor in determining the sentence.

The record discloses that Mr. Randolph on behalf of the defendant had some conversation with the court with respect to the sentence to be imposed in event of a plea of guilty. We set out part of the colloquy between the defendant and the court which took place prior to the trial:

"The Court: He [Mr. Randolph] told me that you had an understanding you were going to plead guilty.

"Defendant Johnson: No, he told me if I pled guilty, I would get six months to run concurrently with the sentence. He asked me if I would plead guilty to that and I told him if it would be an advantage.

"The Court: Well, now Mr. Johnson, I think I told you heretofore, I told Mr. Randolph, he made some subtle suggestions about it that this Court doesn't agree with. There isn't anybody except the Lord Almighty and this Court who knows what this Court is going to do. I never tell any living soul. I don't even tell myself until it is done, because I don't know. I never made any such agreement and because I don't want you to be laboring under any such impression, whatever the sentence it will not be concurrent.

"You know we have had many of these cases and we just do not do that. We don't even consider that. That is a fact and he told me that you were going to plead guilty.

"Defendant Johnson: Well, he misinformed you.

"The Court: You are still going to stand trial?

"Defendant Johnson: Yes, sir, unless he can do like he said.

"The Court: He couldn't do it and nobody else can do it. The Attorney General of the United States couldn't do it, nor could the President of the United States."

Thereafter at the same hearing the court stated:

"You have always insisted on a trial, and I am not blaming you for what happened. I am blaming Randolph. He told me there was to be a plea of guilty. * * *

"You will get every consideration that everybody is entitled to."

There are many factors which the court is entitled to consider in exercising his discretion as to the sentence to be imposed. The record shows that the defendant has previously been convicted upon a narcotics charge, and a robbery charge. Some two and one-half years intervened between the time of defendant's escape and his recapture. The court had ample opportunity to observe the defendant at the various pretrial hearings and at the trial, and doubtless had the benefit of presentence reports and other information not available to us. We observe that in Aga v. United States, 8 Cir., 312 F.2d 637, a three-year sentence was imposed upon a defendant who had entered a plea of guilty. The defendant has failed to demonstrate that the court abused its discretion or committed error in imposing the three-year sentence upon him.

The judgment appealed from is affirmed.