**Jewell C. BEASLEY, Appellant,**

v.

**Lawrence E. WILSON, Warden, California State Prison, San Quentin, California, Appellee.**

**No. 20857.**

United States Court of Appeals
Ninth Circuit.

Dec. 22, 1966.

Harry J. Kreamer, San Francisco, Cal., for appellant.

Thomas C. Lynch, Atty. Gen. of Cal., Edward P. O'Brien, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before HAMLIN, JERTBERG and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

Jewell C. Beasley, appellant herein, appeals from an order of the United States District Court for the Northern District of California, Southern Division, denying his petition for a writ of habeas corpus. A certificate of probable cause and leave to prosecute an appeal in forma pauperis was granted. Jurisdiction of the district court was conferred by 28 U.S.C. § 2241 and in this court by 28 U.S.C. § 2253.

Appellant is presently confined at the California State Prison, San Quentin, California, pursuant to a conviction upon his guilty plea to the crime of robbery in the first degree. Sentence was imposed on July 13, 1949, by Superior Court Judge William A. Glenn of San Diego County, California.

On August 5, 1965 Beasley filed an application for a writ of habeas corpus, in which he contended (1) he was incarcerated as a result of a coerced guilty plea; (2) he was pronounced guilty after proceedings in which he was never represented by counsel; (3) he was convicted partially as a result of statements obtained after investigation had focused upon him but prior to his being informed of his constitutional rights.[1]

The only error now alleged by appellant is the finding of the district court that

---

1. Appellant had not appealed from the judgment of his conviction but he had made these same contentions in prior applications for habeas corpus relief in California courts including the California Supreme Court. All of such prior applications were denied.

appellant had made an effective waiver of counsel.[2]

Prior to the denial of appellant's petition the district court held an evidentiary hearing. Appellant testified as a witness, relating his version and memory of the proceedings that had occurred some sixteen years prior thereto. Appellee produced the testimony of Judge Glenn before whom the appellant had entered his plea of guilty and who sentenced him to imprisonment, the clerk of the court at the time of appellant's sentence, and two police officers who had interviewed appellant after his arrest. In addition, the transcript of the preliminary hearing where appellant had been advised of his right to counsel and had stated that he did not desire counsel and which also showed that the appellant at that time admitted in detail the commission of the crime was submitted. The Superior Court records of his arraignment, his plea of guilty and his sentence were also produced.

■ Appellant had a constitutional right to legal representation in his state proceeding. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. While the courts are bound to recognize and protect the right to counsel provided by the Sixth and Fourteenth Amendments to the Constitution, this right is not absolute in the sense that it may not be waived. "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461.

■ In that case it is also stated: "Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of *habeas corpus*, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel." Accord, Moore v. State of Michigan, 355 U.S. 155, 161–162, 78 S.Ct. 191, 2 L.Ed.2d 167; United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248; Twining v. United States, 321 F.2d 432, 435 (5th Cir. 1963) cert. denied 376 U.S. 965, 84 S.Ct. 1126, 11 L.Ed.2d 982.

After the evidentiary hearing the district judge made a written order properly setting forth the principles of law involved and in which he analyzed carefully the testimony that had been presented. The court then stated:

"After carefully reviewing all of the evidence presented it cannot be said that as a matter of law petitioner has sustained this burden. The court therefore concludes that petitioner was advised of his right to counsel during the proceedings against him in the courts of the state of California and that petitioner knowingly and intelligently waived this right."

■■ We are mindful of the requirement stated in Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed. 2d 70 that "the record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understand-

---

**2.** Counsel for appellant in his brief to this court stated as follows:

"Insofar as the first ground is concerned, there are no disputed issues of law. If the record of the hearing in this matter supports the District Judge's findings of fact on the voluntary nature of the guilty plea, the District Court should not be reversed on this particular ground. Insofar as the third ground is concerned, the Supreme Court's recent decisions precluding ret-roactive application of the *Escobedo* decision staunches further consideration of that issue. Thus Appellant, at this time, specifies as error only the decision of the District Court that Appellant had made an effective waiver of counsel."

An examination of the record of the hearing before the district judge discloses that his finding against appellant upon the voluntary nature of his guilty plea has ample support in the evidence.

ingly rejected the offer. Anything less is not waiver." However, our examination of the evidence presented amply supports the finding and order of the district court.

Judgment affirmed.