UNITED STATES of America,
Plaintiff-Appellee,

v.

Louis Albert **WOODS**, a/k/a **Rashid Wood**, a/k/a **Milton Woodard**,
Defendant-Appellant.

No. 73–1694.

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 1973.

Joseph Bankoff, Atlanta, Ga. (Court-appointed), for defendant-appellant.

William J. Schloth, U. S. Atty., O. Hale Almand, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before GODBOLD, DYER and GEE, Circuit Judges.

DYER, Circuit Judge:

Woods was convicted in a jury trial of escaping from the custody of the Attorney General of the United States in violation of 18 U.S.C.A. § 751. In this appeal, the central issue is whether the trial court's action in requiring Woods to stand trial without benefit of counsel, after discharging Woods' court-appointed attorney at Woods' request, was violative of his Sixth Amendment right to assistance of counsel. Woods also contends that his Fifth Amendment privi-

lege against self-incrimination was violated, and that evidence of Woods' state court convictions was error. We reverse and remand for a new trial.

In 1970, Woods was incarcerated in a Georgia state prison to serve two federal sentences concurrently with four state sentences. After an escape from prison and subsequent recapture, Woods was arraigned on March 1, 1973 for violation of the federal escape statute, at which time the trial judge prudently appointed counsel for Woods, although the appellant indicated an interest in retaining an attorney.[1] At the conclusion of the arraignment, Woods met briefly with his appointed attorney, who indicated that in his years of practice he had never encountered the type of case brought against Woods. Apparently, some confusion on the part of both Woods and the attorney resulted from the fact that Woods was charged with a federal offense for escaping from a state institution, a dilemma which was apparently never resolved for Woods' benefit by his attorney during the course of his service.

Thereafter, during the three-week interval between arraignment and trial, the only attempted communication between Woods and the attorney was Woods' dispatching a letter to the attorney which went unanswered, apparently due to counsel's having moved to a new office. In any event, no further contact between attorney and client occurred until the day of trial.

At the outset of his trial, Woods objected to proceeding with the court-appointed attorney. The substance of his prompt objection was that counsel was unprepared to proceed with his defense in view of their entire lack of communication. The trial judge thereupon reminded Woods that he was enjoying the services of highly competent counsel and that Woods must either accept these services or be relegated to defending himself. Throughout the ensuing colloquy, Woods consistently maintained that he was unable to defend himself, a fact which is clearly borne out by the trial record, but that the attorney's representation was also unacceptable. *At no time did the trial judge inquire as to the merit of Woods' allegation,* nor did counsel proffer any statement as to his ability or willingness to. proceed. After Woods persisted in his objection, the trial judge discharged the attorney, and the trial proceeded with Woods inartfully attempting to represent himself.

■ . The critical issue for resolution in this case is whether under the totality of these circumstances. Woods' refusal to accept the representation of his court-appointed attorney constituted a waiver of his Sixth Amendment right to the assistance of counsel. On the record before us, and we expressly limit our holding to these unique facts, we can discern no basis for transforming Woods' uncontradicted and substantial objection to his appointed counsel into a knowing and intelligent waiver of his constitutional right to counsel.

■■ Woods' objection to his lawyer went to the issue of the preparation of counsel, not his sheer presence or basic competence, yet the trial judge accorded dispositive weight to the fact that appointed counsel was a highly competent attorney who was present to defend Woods. Despite there being perhaps some salutary effect from the mere presence of a competent attorney available to a defendant in a criminal proceeding, physical presence alone fails to satisfy the mandate of the Sixth Amendment. It is now firmly established that the right to counsel means no less than the right to effective counsel. MacKenna v. Ellis, 5 Cir. 1960, 280 F.2d 592, 599. As this Court has observed, "an attorney cannot render reasonably

I. The trial judge appointed counsel in this case since he doubted whether Woods would succeed in retaining an attorney before the trial. This premonition subsequently proved well-founded, since Woods came to trial with only the court-appointed attorney engaged to represent him.

effective assistance unless he has acquainted himself with the law and facts of the case." Caraway v. Beto, 5 Cir. 1970, 421 F.2d 636, 637. It was precisely this principle that Woods seasonably sought to invoke in his trial below. Steadfastly interposing an uncontradicted objection to a denial of effective counsel, while fully disclaiming any ability or desire to represent himself, simply cannot be fairly construed as a waiver of the right to effective counsel.[2]

We are unpersuaded that Johnson v. United States, 8 Cir. 1963, 318 F.2d 855, relied on by the Government, supports a contrary position. There the defendant's appointed attorney made a statement in open court which indicated "that he was prepared to and intended to protect defendant's rights to the best of his ability." *Id.* at 858. Moreover, it was undisputed in that case that the attorney had rendered advice to the defendant with respect to various important matters relevant to his defense. In the case *sub judice,* counsel made no statement as to his preparedness, and the record indicates no occasion before trial on which he rendered advice to Woods. Kates v. Nelson, 9 Cir. 1970, 435 F.2d 1085, is similarly inapposite. In that case, the defendant objected during the course of an ongoing trial to his attorney's method of conducting the case. Hence, the court determined that "[t]he record bespeaks of simple disagreement between Appellant and his appointed counsel as to the manner in which the case was to be conducted." *Id.* at 1088.

Importantly, in both cases relied on by the Government, the trial judge had a meaningful basis for evaluating the preparation and industry of counsel as a result of either counsel's own statements or his conduct at trial. This critical factor was, of course, absent in Woods' case, inasmuch as the trial judge did not undertake to gauge counsel's performance on behalf of his client, nor did he make any inquiry as to the basis of Woods' allegation of non-preparation.

■ Our determination that Woods' Sixth Amendment rights were violated under these circumstances should not be construed as sanctioning dilatory tactics by a defendant whose tardy objections to an attorney's representation frustrates the orderly course of litigation. An eleventh-hour objection by a defendant who enjoyed ample time to make his viewpoint known is, of course, an intolerable disruption of the criminal justice process. In the instant case, however, three weeks transpired between arraignment and trial, during which time Woods attempted to contact his attorney in connection with the case. This short interval, combined with the fact that Woods immediately objected on substantial grounds at the very outset of his trial, strongly indicates that, under the circumstances present here, Woods in no manner slept on his rights.

■ In view of our holding that Woods' Sixth Amendment rights were abridged, it is unnecessary for us to reach the other errors assigned by Woods.

Reversed and remanded.

2. Our holding is, of course, not addressed to the truth or falsity of Woods' contention at trial with respect to the non-preparation of his attorney. We offer no view in that regard inasmuch as our decision is simply limited to finding no waiver of counsel in this case where the nature of his timely objection, which was in no manner frivolous or insubstantial, went uncontradicted. This, of course, points up the responsibility of the trial court in such an instance to make inquiry of the defendant and appointed counsel concerning defendant's claim of lack of preparation.